IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JANINE CHANTALE HEBRON | * | |
| Petitioner | * | |
| v. | * | Civil Action No. GLR-20-51 |
| | | (Rel. Criminal No. GLR-16-0596) |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |

\* \* \*

## MEMORANDUM AND ORDER

Pending before the Court are three pro se motions filed by Janine Chantale Hebron ("Hebron"). The first is a Motion pursuant to the "Supreme Court Ruling in United States v. Davis, (June 2019)" and a supplement pursuant to 28 U.S.C. § 2255. ECF Nos. 73 and 80. Second, Hebron filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking a near-home transfer pursuant to the First Step Act of 2018. ECF No. 77. Third, Hebron filed a Motion Requesting Immediate Release alleging the government failed to respond to her first motion. ECF No. 82. The Motions are fully ripe for disposition. No hearing is necessary. For the reasons outlined below, the Motions will be denied.

By way of background, on December 14, 2016, Hebron was charged in a multi-count Indictment with: Count 1, conspiracy to distribute and possess with intent to distribute 1 kilogram of heroin and 500 grams or more of cocaine in violation of 21 U.S.C. § 846; Count 2, possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841; Count 3, possession with intent to distribute heroin in violation of 21 U.S.C. § 841; Count 4, possession of a firearm in furtherance of a drug

trafficking crime, in violation of 18 U.S.C. § 924(c); and Count 5, felon in possession, in violation of 18 U.S.C. § 922(g). ECF No. 23. On February 14, 2018, Hebron pled guilty to Counts 2 and 4. ECF No. 35.

On April 26, 2018, the Court sentenced Hebron to six months imprisonment as to Count 2 and 60 months consecutive as to Count 4, resulting in a total sentence of 66 months imprisonment. ECF No. 46. On September 9, 2019, Hebron filed the first of her pro se requests, alleging that the holding in United States v. Davis, 139 S. Ct. 2319 (2019) requires this Court to vacate her Count 4 conviction for violation of 18 U.S.C. § 924(c). On January 6, 2020, Hebron filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking a near-home transfer pursuant to the First Step Act of 2018 alleging that certain staff at the Federal Prison Camp in Alderson, WV were harassing and discriminating against her. ECF No. 77. On April 13, 2020, Hebron filed a request for immediate release claiming that the government failed to respond to the previously filed request for vacate her Count 4 conviction under United States v. Davis. ECF No. 82.

First, the government correctly points out that the Supreme Court's holding in Davis concerned only the constitutionality of the residual clause's definition of a crime of violence. Davis did not involve the definition of a drug trafficking crime in violation of § 924(c). As a result, Hebron's conviction as to Count 4 is unaffected and her arguments are without merit.

As to Hebron's request to be transferred pursuant to the First Step Act under § 2241, such a request must be filed in the district having territorial jurisdiction over the prisoner.

Since Hebron's request involves the execution of a federal sentence, namely transfer to another prison location, this action must be addressed by the United States District Court having territorial jurisdiction over the petitioner's custodian, which is the district in which the petitioner is incarcerated.  See United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989); United States v. Vance, 563 Fed. App'x 277, 278 (4th Cir. 2014).  Hebron is currently incarcerated at a Federal Bureau of Prison facility in Alderson, WV.  As a result, Hebron's custodian is the warden at the facility.  See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004).  Therefore, the Southern District of West Virginia is the appropriate Court with jurisdiction over this case.  Thus, Hebron's request will be dismissed without prejudice.

Finally, as to the Motion requesting immediate release based upon the government's failure to respond to her original Motion under Davis, it is clear, based upon the record, that the government did indeed comply with the Court Order and filed a response in a timely manner.  As a result, Hebron's claim is without merit.

For the aforementioned reasons, Motions Nos. ECF 73, 77 and 82 are DENIED and/or DISMISSED.  The Clerk is DIRECTED to CLOSE Civil Action No. GLR-20-51.

SO ORDERED this 19th day of May 2020.

/s/
_____
George L. Russell, III
United States District Judge